■ In the Matter of FRANCES AISHA S., a Child Alleged to be Permanently Neglected. LITTLE FLOWER CHILDREN'S SERVICES et al., Appellants; ROGER W., Respondent. [657 NYS2d 929] —In a proceeding pursuant to Family Court Act article 6, and Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, (1) Little Flower Children's Services appeals from (a) an order of the Family Court, Queens County (Freeman, J.), dated October 21, 1996, which, after a hearing, extended the foster care placement of the subject child only until October 30, 1996, in order that arrangements for the child's discharge to the father be completed, and dismissed the proceeding, and (b) an order of the same court, dated October 30, 1996, which denied a motion by Little Flower Children's Services seeking an extension of foster care placement, and (2) the Commissioner of Social Services of the City of New York separately appeals from the order dated October 30, 1996. By decision and order on motion dated November 22, 1996, this Court, *inter alia,* stayed enforcement of the orders pending the hearing and determination of the appeal.

Ordered that the orders are reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing to be conducted within 20 days of the date of this decision and order on the issue of the best interests of the child.

The subject of this proceeding, five-year-old Frances Aisha S., has been in a kinship foster care home since days after she was born. Upon a filing of a neglect petition against the natural mother in October 1991, Frances was placed in the custody of the Commissioner of Social Services for a period of 12 months. This placement was extended several times until November 7, 1995.

In November 1994, Little Flower Children's Services (hereinafter Little Flower), the foster care agency with which Frances

had been placed, sought to terminate the parental rights of both the mother and the father. The court terminated the mother's parental rights and, upon the consent of the parties, terminated the parental rights of the father but suspended judgment against him until November 7, 1995. The suspended judgment included a number of conditions with which the father was to comply. Little Flower allowed both the suspended judgment and the foster care placement to lapse on November 7, 1995, by failing to file timely petitions to extend them. In January 1996 the father requested that Frances be discharged from foster care and returned to him. However, upon the consent of the father, the court extended the terms of the suspended judgment nunc pro tunc so that the father could obtain suitable housing, which was one of the conditions of the suspended judgment. There were subsequently five more court dates at which the father's inability to acquire housing was discussed.

On October 16, 1996, counsel for Little Flower indicated to the court that the father had failed to fulfill other conditions of the suspended judgment. The appellants and the Law Guardian outlined their concerns with respect to the father and a request for a "best interests" hearing was made. The Family Court, without further hearing, dismissed the petition to terminate the father's parental rights, and extended foster care placement only until October 30, 1996, at which time Frances was to be discharged to the father. By order to show cause dated October 29, 1996, Little Flower requested that the Family Court modify its prior order and extend placement for up to 12 months. This motion was denied by the Family Court. We now reverse.

While we do not condone the actions of the agency in its handling of the instant matter, under the circumstances of this case we deem it necessary that a "best interests" hearing be conducted to determine whether immediate discharge of Frances to her natural father is appropriate in light of the facts and the allegations made by the caseworker against the father (see, e.g., Matter of Michael B., 80 NY2d 299; Matter of Sykia Monique G., 208 AD2d 534). Accordingly, the matter is remitted to the Family Court for an evidentiary hearing and a determination of those issues. O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.