In the Matter of JONATHAN B. CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Appellant; LILLIANA B., Respondent. [772 NYS2d 569]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Queens County (Hunt, J.), dated September 4, 2002, as, in effect, granted the mother's cross motion to dismiss the petition and to dismiss its motion to adjudge that the mother had violated an order of suspended judgment of the same court entered June 21, 2001, which adjudged her to have permanently neglected her minor child on the ground, inter alia, that the Family Court lacked jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the cross motion is denied, the petition and the motion are reinstated, and the matter is remitted to the Family Court, Queens County, for a hearing to be conducted within 20 days of service upon the respondent of this decision and order, on the issues of whether the mother violated the terms and conditions of the order of suspended judgment and, if so, whether her parental rights should be terminated, and the best interests of the child.

The subject of this proceeding, 10-year-old Jonathan B., has been in foster care under the aegis of the petitioner, Catholic Home Bureau for Dependent Children (hereinafter Catholic Home) since March 1996.

In August 1999 Catholic Home sought to terminate the mother's parental rights. Upon the consent of the parties, the Family Court adjudged her to have permanently neglected Jonathan, but suspended judgment against her for eight months. The order of suspended judgment included a number of conditions with which the mother was to comply. Catholic Home allowed the period of suspension to lapse without moving to extend the period, moving to adjudge that the mother had violated the terms and conditions of the order of suspended judgment, revoke the suspension, or enforce the judgment. The order of suspended judgment contained no provision that the judgment of permanent neglect would become final and enforceable upon the lapse of the period of suspension or, conversely, that it would expire and become unenforceable. Moreover, it did not mandate a procedure or time within which to finalize the proceeding.

By notice of motion dated February 27, 2001, approximately eight weeks after the period of suspension lapsed, Catholic Home moved to adjudge that the mother had violated the order of suspended judgment, presenting proof that she had failed to comply with the visitation and therapy schedules set forth therein. The mother cross-moved, in effect, to dismiss both the petition and the motion on the ground, inter alia, that the Family Court lacked jurisdiction. The Family Court granted the cross motion, and dismissed both the petition and the motion, holding that once the period of suspension had lapsed, it was without jurisdiction to consider either the motion or the petition. We reverse.

Where an order of suspended judgment is silent as to the legal consequences of the expiration of the period of suspension, the judgment itself does not expire by operation of law. Rather, the Family Court retains jurisdiction to consider a motion by any party to enforce, modify, or vacate it at any time, upon a proper factual showing of compliance or noncompliance with its terms and conditions (*see Matter of Josh Ray O.*, 267 AD2d 1048 [1999]; *Commissioner of Social Servs. [T./C. Children] v Rufelle C.*, 156 Misc 2d 410 [1992]; *cf. Matter of D.R.*, 196 Misc 2d 555, 567-569 [2003]; 22 NYCRR 205.50 [e]). "Once granted, a suspended judgment effectively stays a proceeding in time and place unless and until a party makes some motion to bring the case to a conclusion" (*Commissioner of Social Servs. [T./C. Children] v Rufelle C., supra* at 416). It was thus error for the Family Court to dismiss both the petition and the motion (*see* Family Ct Act § 632 [a]), and it must now, on remittitur, conduct a hearing on the issues raised in the motion.

Moreover, even if the Family Court determines that the mother did not violate the terms and conditions of the order of suspended judgment and dismisses the permanent neglect petition on that ground, it must consider, at the hearing, whether it is in Jonathan's best interests to discharge him to his mother's care (*see Matter of Michael B.*, 80 NY2d 299, 307 [1992]; *Matter of Nicole Lee B.*, 256 AD2d 1103, 1104 [1998]; *Matter of Frances Aisha S.*, 238 AD2d 512, 513 [1997]; *Matter of Jessica UU.*, 174 AD2d 98, 102 [1992]). Accordingly, we remit the matter to the Family Court, Queens County, for a hearing to be conducted within 20 days of service upon the respondent of this decision and order, on the issues of whether the mother violated the terms and conditions of the order of suspended judgment and, if so, whether her parental rights should be terminated, and the best interests of the child. Krausman, J.P., Schmidt, Cozier and Mastro, JJ., concur.