■ WILBUR McREYNOLDS, Appellant, v CITY OF NEW YORK et al., Respondents. [795 NYS2d 36]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered December 2, 2004, which denied petitioner's application to annul the determination of respondent Office of Children and Family Services, made after a fair hearing conducted pursuant to Social Services Law § 422 (8) (b), denying petitioner's request to have his name expunged from the New York State Central Register of Child Abuse and Maltreatment, and dismissed the petition, unanimously affirmed, without costs.

The findings of abuse made by Family Court in its Family Court Act article 10 fact-finding order dated March 16, 1995 are identical to the reports in the Central Registry that petitioner seeks to expunge. Since petitioner does not show that he was denied a full and fair opportunity to litigate the issues raised in the Family Court, and since the petitioner's burden of proof in the Family Court proceeding was a preponderance of the evidence (Family Ct Act § 1046 [b] [i]), respondent correctly concluded that by reason of collateral estoppel, the reporting agency had established by a fair preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699, 712 [1996]) that the five reports in the Central Registry were substantiated (*see Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]). We have considered

petitioner's remaining contentions and find them to be without merit. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Catterson, JJ.