Matter of Makynli N. (2007 NY Slip Op 52162(U))

[*1]

Matter of Makynli N.

2007 NY Slip Op 52162(U) [17 Misc 3d 1127(A)]

Decided on November 1, 2007

Family Court, Monroe County

Ruhlmann, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 1, 2007

Family Court, Monroe County
In the Matter of
Makynli N., Malcolm H., Jr., Jonah H., Tajae W., Caleb H., and Noah H., Children Under
Eighteen Years of Age Alleged to be Severely Abused and Neglected by Jennifer H. and
Malcolm H., Sr., Respondents.
NA-11072-05

APPEARANCES:
Monroe County Law Department, by Peter A. Essley, Esq., for Petitioner
Conflict Defender's Office, by Rhian D. Jones, Esq., for Respondent Malcolm H.
Legal Aid Society, by Yolanda Asamoah-Wade, Esq., Law Guardian

Dandrea L. Ruhlmann, J.
Is a father who complied with all terms of a dispositional order suspending
judgment entitled to vacatur of the consent neglect finding and dismissal of the petition filed
against him? By motion brought by order to show cause filed September 21, 2007, Respondent
Malcolm H., Sr. (Father) seeks an order vacating the consent neglect finding and dismissing the
Family Court Act (FCA) Article 10 petition filed against him. Father's motion is granted as the
Court finds both that Father successfully complied with the terms of the suspended judgment
order and it is in the boys' best interests to vacate the finding. Since the Court's aid is no longer
required on the record before it, the neglect petition filed on August 31, 2005 is dismissed.
Statement of Facts:
By petition filed August 31, 2005, Monroe County Department of Human Services
(Petitioner) alleged that Father abused and neglected his four sons Malcolm H., Jr., Jonah H.,
Caleb H. and Noah H. and his two step-sons, the biological sons of co-Respondent Jennifer H.
(Respondent), Makynli N. and Tajae W.. After Father consented to a neglect finding on July 26,
2006, the Court proceeded with a contested dispositional hearing (Family Court Act §
1052). Father requested that the Court suspend judgment pursuant to FCA § 1053 and both
Petitioner and Law Guardian opposed such disposition. [*2]After
hearing, the Court suspended judgment and supplemented its order with a written decision (Matter of M.N., 16 Misc 3d 499
[Fam Ct 2007]).
Matter of M.N. (id.) details the facts that led to the consent neglect finding.
Briefly: Father became a single parent to two sons, Malcolm, Jr. and Jonah, through his union
with Cassandra C. who passed away suddenly. He developed a relationship with Respondent and
she moved with her two sons, Makynli and Tajae, from Arkansas to Rochester and the families
blended. Father and Respondent then married and together had two more sons, Caleb and Noah.
Father was a truck driver who was often away from home leaving Respondent as the primary
caretaker for the six boys. On or about August 24, 2005, when Father was away working and
Respondent was alone caring for the boys, Jonah was hospitalized with extensive neurological,
shaking-associated injuries. Jonah's injuries are permanent and he currently resides at the Mary
Cariola Children's Center, an educational and residential facility for children with multiple
disabilities. The Court initially removed all six boys from Father and Respondent [FN1] and placed them in the home of
Louis and Linda C., Cassandra's parents and maternal grandparents to Malcolm, Jr. and Jonah.
The boys were released to Father on September 21, 2006 and Makynli and Tajae were placed in
Father's care under Petitioner's supervision.[FN2] The Court reviewed the proceeding six times
over the suspension period (Family Court Act § 1053 [c]). During that time Father secured
local employment so as to not be absent from the boys' lives.
The suspended judgment order expired on its own terms on July 6, 2007. Petitioner neither
filed a violation petition nor sought to extend the order. Indeed, Petitioner admitted both that
Father complied with the terms of the dispositional order and the boys were doing well in his
care. Although the Law Guardian initially opposed suspension of judgment, she now supports
Father's motion. Petitioner takes no position.
The Court heard testimony on October 25, 2007 from one witness, Father. He testified that
his boys are thriving in his care. Malcolm, Tajae and Makynli are registered in school and
received appropriate therapy. Father is investigating whether Caleb and Noah can be enrolled in
Pre-Kindergarten. Father visits with Jonah at the Mary Cariola Center two or three times per
week. All of the boys still visit with Louis and Linda C.. Father works nights at Geneer Security
and cares for his sons during the day. He has applied for employment with the Federal Bureau of
Investigation, Homeland Security and the Monroe County Sheriff's Office. Father testified that he
complied with all terms of the suspended judgment order including completion of both parenting
and anger [*3]management programs. He received both mental
health and substance abuse evaluations and no follow-up treatment was necessary.
Statement of Law:
If a respondent fully complies with the terms of a suspended judgment order, the Court may
vacate the finding and dismiss the underlying neglect petition if both it is in the children's best
interests and the Court's aid is no longer required under FCA § 1051 (c) (Matter of M.N., 16 Misc 3d 499
[Fam Ct 2007] citing Matter of Jonathan
B., 5 AD3d 477, 479 [2d Dept 2004], lv dismissed 2 NY3d 791 [2004]; see
also Matter of J.R., 387 NJ Super 363, 374 [Superior Court, Family Part,
Cumberland County 2006] ["a suspended judgment allows rehabilitative or supervisory services
in lieu of a permanent adjudication of abuse and neglect when services can
reasonably be expected to deter future abuse and neglect"] [emphasis added]).
Compliance with the terms of the Suspended Judgment Order
It is undisputed that Father complied with all terms of the suspended judgment order.
Petitioner neither filed a violation petition pursuant to FCA § 1071 nor sought an
extension of the dispositional order. Father testified that he complied with all ordered services.
Best Interests of the Boys
When the FCA Article 10 petition was filed against Father, Father was a truck driver who
was on the road traveling for the majority of the week and away from his sons. The boys were
abused by Respondent in the absence of Father; indeed Father's very absence precipitated his acts
of omission in missing signs of abuse that the boys were suffering. Court regulations require that
an order of suspended judgment direct the respondent to, inter alia, "refrain from or
eliminate specified acts or conditions found at the fact-finding hearing to constitute or to have
caused neglect. . ." (22 NYCRR § 205.83 [a] [1]). Here, Father ameliorated his neglectful
acts of omission by being present in his sons' lives, including finding local employment.
Over the suspension period, Father obtained local employment working nights at Geneer
Security. He currently seeks professional development and has applied for law enforcement
positions - employment that necessarily entails background checks. Father wishes therefore to
have his neglect finding vacated and the FCA Article 10 petition dismissed so that he may then
seek administrative expungement of his name from the New York State Central Register of Child
Abuse and Maltreatment (Central Register).
The Due Process Clause of the Federal Constitution requires Petitioner to substantiate
reports of child abuse by a fair preponderance of the evidence before they may be
disseminated to providers and licensing agencies as a screening for future employment
(Matter of Lee TT v Dowling, 87 NY2d 699, 712 [1996], rearg denied 88 NY2d
920 [1996]). The burden of proof to establish neglect in family court is similarly a
"preponderance of the evidence" (Family Court Act § 1051 [a], referring to Family Court
Act § 1046 [b] [I]). A neglect finding in Family Court constitutes collateral estoppel
barring a respondent from seeking an administrative expungement (Social Services Law §
422 [8] [b] [ii]; McReynolds v City of
New York, 18 AD3d 316 [1st Dept 2005], lv denied 5 NY3d 707 [2005],
cert dismissed 126 S Ct 748 [2005]). As this Court has found that Father is entitled to
vacatur of the neglect finding, an administrative body may similarly [*4]find that Father is entitled to expungement of his name from the
Central Register.[FN3] This
might allow Father to become employed in law enforcement.
The Court finds that it is in the boys' best interests that Father be afforded such professional
development opportunities permitting him to be an everyday presence in his young sons' lives.
The boys are thriving in Father's care and he is the only parent they have to rely on. The Law
Guardian supports Father's motion as being in the boys' best interests.
Court's Aid
A court may dismiss a neglect petition where "its aid is not required on the record
before it" (Family Court Act § 1051 [c]). In Matter of G. (91 Misc 2d 911 [Fam Ct,
New York County 1977]), a neglect petition was dismissed where the court found "a normal,
healthy and affectionate parent-child relationship. . . no danger of present or future neglect" and
that respondent was rehabilitated (see also Matter of Angela D., 175 AD2d 244 [2d Dept
1991] [even though petitioner met its burden of establishing neglect, the aid of the court was no
longer needed and dismissal of the case was warranted pursuant to Family Court Act §
1051 (c) where respondent mother had moved to Maryland and authorities there closed their
file]; Matter of Arthur A., NYLJ, Sept. 26, 2000, at 32, col 4 [Fam Ct, Queens County];
Matter of Thomas, NYLJ, March 3, 2000, at 32, col 4 [Fam Ct, Queens County];
Matter of Hickey, 124 Misc 2d 667 [Fam Ct, NY County 1984] [court's aid was not required
concerning allegations of educational neglect because the subject child, who had attained age
sixteen was no longer subject to the compulsory education law]; cf. Matter of Lewis T.,
249 AD2d 646 [3d Dept 1998]; Matter of Jessica S., 13 Misc 3d 505, 510-511 [Fam Ct, Kings
County 2006]). Similarly here it is undisputed that Father has a strong relationship with his sons
and that they are not in danger of neglect. As Father also successfully completed all services
required by the suspended judgment order, he has demonstrated - even to Petitioner's satisfaction
- that the Court's aid is no longer required.
Proposed Statutory Amendments
As a successful outcome was achieved for both Father and his sons by the suspension of
judgment ordered as a matter of first impression, this Court would be remiss if it did not address
proposed legislation that seeks to repeal this dispositional alternative. A bill is pending both in
the New York State Assembly and Senate that would, inter alia, repeal Family Court Act
§ 1053 (2007 NY Senate-Assembly Bill A07379, S04540). The rationale behind this
legislative proposal is twofold that: (1) a suspended judgment disposition is "unnecessary and
redundant" in light of the Family Court Act § 1039 which provides that proceedings may
be adjourned in contemplation of dismissal (ACD); and (2) children placed in foster care in
conjunction with a suspended judgment may not be eligible for federal foster care reimbursement
(Sponsor's Mem, ¶ ¶ 5, 6).
First, a suspended judgment disposition is not "unnecessary and redundant" in [*5]light of the ACD option. An ACD is issued "prior to or upon a
fact-finding hearing"[FN4]
and must be consented to by all parties (Family Court Act § 1039 [a]; Matter of
Brandon C., 219 AD2d 871 [4th Dept 1995], citing Matter of Gary B., 101 AD2d
1026 [4th Dept 1984]; Matter of Amlinger v Amlinger, 73 AD2d 1047 [4th Dept 1980]
[an ACD is improper absent consent of the Law Guardian]). An ACD is not a finding of neglect
but rather an adjournment of the proceeding in contemplation that the petition will be dismissed.
Important, the Court or Petitioner may move to restore the matter to the calendar by proving that
respondent has failed to observe the terms and conditions of an ACD order at which time, if the
violation is proven, a fact-finding hearing will commence. To the contrary, a suspended judgment
is ordered as a disposition after both fact-finding and dispositional hearings are completed. At
disposition after a neglect finding, a court may (i) suspend judgment; (ii) release the child to the
custody of his parents or person legally responsible for his care; (iii) place the child in foster care
or with a resource; (iv) make an order of protection; (v) or place the respondent under
supervision (Family Court Act § 1052).[FN5] The parties need not agree on the disposition.
Indeed, in the instant proceeding both Petitioner and the Law Guardian opposed the suspended
judgment and a contested dispositional hearing ensued: Father thus could not have been afforded
an ACD.
When a court suspends judgment it may further order any of the other alternatives under
Family Court Act § 1052; thus a court may suspend judgment and either, inter alia,
place a child or release a child to the care of his parent or person legally responsible for his care.
This alternative is imperative because whereas a child may be placed under an ACD order only if
there is "imminent risk" to the child's life or health (Family Court Act § 1039 [g] [allowing
a placement with an ACD order pursuant to FCA § 1027]), there are circumstances where
there is no imminent risk but the child is not ready to be released to his parent or person legally
responsible for his care for a myriad of reasons. A suspended judgment permits placement of the
child when such placement is in the child's best interests but imminent risk is not necessarily
present. For example, here, Father's employment frequently required his absence and the boys'
primary caretaker was incarcerated; fortunately there were relative resources in place - Louis and
Linda C. - who cared for the boys during this time. Not all families have resources in place and a
foster care placement may be the only alternative.
Although the Sponsor's Memo suggests that a placement under a suspended judgment is
questionable because federal funding is at issue, a Court issuing a suspended judgment and
ordering placement can make the requisite findings required by both New York State Law and
Title IV-E of the Social Security Act (Family Court Act § 1055; 42 USCA § 671 [a];
see also 22 NYCRR § 205.81 [Procedures for Compliance with [*6]Adoption and Safe Families Act]). A suspended judgment, the least
intrusive disposition under FCA § 1052, is a unique relief available for only rare cases
(Matter of MN, supra, 16 Misc 3d 499). Such disposition should be ordered only
when a release of the child to the care of his parent or person legally responsible for his care is
projected to be accomplished within one year. If it is still contrary to the child's best interests to
be returned home at the expiration of the suspension period, a court might extend the order for
one year if exceptional circumstances exist (Family Court Act § 1053 [b]). Alternatively,
petitioner might allege a violation of the suspended judgment order; if so proven, the court may
revoke the suspended judgment and enter any other dispositional alternative that might have been
made at the time judgment was suspended (Family Court Act § 1071 [different from a
violation of an ACD order where petitioner first must prove a violation before the matter is
restored to the calendar for a fact-finding hearing on the neglect petition]; see Matter of Marie
B., 62 NY2d 352 [1984]).
Now, therefore, it is hereby
ORDERED that Respondent Malcolm H., Sr.'s motion is granted; and it is further
ORDERED that the consent neglect finding is vacated; and it is further
ORDERED that the neglect petition filed August 31, 2005 is dismissed.
Dated this 1st day of November, 2007, at Rochester, New York.
___________________________
HON. DANDREA L. RUHLMANN
FAMILY COURT JUDGE
Pursuant to §1113 of the Family Court Act, an appeal must be taken
within thirty days of receipt of the order by appellant in Court, thirty-five days from the mailing
of the order to the appellant by the Clerk of the Court, or thirty days after service by a party or
law guardian upon the appellant, whichever is earliest.
Footnotes

Footnote 1: Respondent pled guilty in
County Court to the first degree assault of Jonah and received a 13 1/2-year sentence of
incarceration with five years post release supervision. Based upon this conviction, this Court
granted Petitioner's motion for summary judgment finding that Respondent severely abused
Jonah and derivatively abused and neglected Malcolm, Jr., Makynli, Tajae, Caleb and Noah. 

Footnote 2: Although Respondent indicated
that she had relatives in Arkansas who would seek custody of Makynli and Tajae, no such
petition was filed. Father now seeks FCA Article 6 custody by petition filed October 11, 2007. In
his petition Father asserts that he can provide a safe, stable and loving home for the boys with
their half-brothers and that he is "the only father these boys have known."

Footnote 3: Father should immediately
contact the Commissioner to inform her of the findings of this Court (see Social Services
Law § 422).

Footnote 4: The proposed legislation would
change this language to make clear that a child protective proceeding may be adjourned in
contemplation of dismissal at any time prior to the entry of a fact-finding order (Sponsor's Mem,
¶ 3).

Footnote 5: FCA § 1052 uses the
disjunctive term "or" between each of the dispositional alternatives. The proposed legislation
seeks to eliminate "or" to make clear that more than one dispositional alternative may be ordered
at one time at the discretion of Family Court (Sponsor's Mem, ¶ 2).