OPINION OF THE COURT
Dandrea L. Ruhlmann, J.
Monroe County Department of Human Services (petitioner) filed two petitions on January 7, 2008 pursuant to Social Services Law § 384-b for termination of parental rights (TPR) of Shamika S. (mother) and Michael T. (putative father). The petition against putative father alleges abandonment (docket No. B-00691-08) as putative father has had no contact with the child De’Von. The petition against mother which alleges permanent neglect (docket No. B-00529-08), the court hereby dismisses without prejudice.
Petitioner filed a neglect petition against both mother and putative father on November 13, 2006 (docket No. NN-14039-06). The petition alleged, inter alia, that mother improperly cared for De’Von. After trial, the court found that mother neglected De’Von and the parties consented to a suspended judgment pursuant to Family Court Act § 1053 — a dispositional alternative granted in only rare cases (see Matter of MN, 16 Misc 3d 499 [Fam Ct, Monroe County 2007]). “The unique relief of a suspended judgment is the opportunity afforded to a respondent who fully complies with the dispositional plan to later move to have the neglect finding and the petition itself dismissed” (id. at 506-507).
Despite that petitioner consented to the dispositional alternative of the suspended judgment on November 30, 2007, petitioner filed this TPR petition only a little over one month later; indeed, the petition was filed even before the first suspended judgment conference held on January 9, 2008.[1] At that conference mother indicated that she learned a TPR petition was be *747 ing filed against her; petitioner did not confirm that such petition was filed but indicated only that it might be required to file a TPR petition for permanency purposes.
A “permanently neglected child” is defined as one whose parent has failed, for a period of at least one year or 15 out of the most recent 22 months following removal, to substantially, continuously or repeatedly maintain contact with or plan for the future of the child (Social Services Law § 384-b [7] [a]). The TPR petition herein alleges that De’Von was removed from his home on November 14, 2006 and “the child has been in the care of the petitioner for a period of at least one year.” Petitioner is not required to file a TPR petition after one year — especially here where petitioner consented to a suspended judgment. Even where regulations require petitioner to file a petition to terminate parental rights when, inter alia, the child has been in foster care for 15 of the most recent 22 months (18 NYCRR 431.9 [e] [1] [i]), there are certain exceptions: Petitioner is not required to file a TPR petition either where the child is being cared for by a relative (18 NYCRR 431.9 [e] [2] [i]) or there is a “compelling reason” for determining that filing such petition would not be in the best interests of the child (18 NYCRR 431.9 [e] [2] [ii]). Compelling reasons include but are not limited to (1) where adoption is not the appropriate permanency goal for the child, or (2) the child is subject of a pending disposition under article 10 of the Family Court Act.
Here, De’Von is in the care of Doris H., his maternal grandmother.* [2] Ms. H. is also the foster mother of De’Von’s brother DeShawn. When DeShawn was placed with Ms. H., the court emphasized that while it was approving Ms. H. as a foster parent and not a relative resource it did so for funding purposes only, and could be changed should Ms. H. later petition for Family Court Act article 6 custody (Sept. 25, 2007 record of proceeding). De’Von was previously in the care of a different foster family and the court ordered that he be transitioned to the home of Ms. H. Whether termed a “foster mother” or a “relative resource” Ms. H. is De’Von’s grandmother; thus this placement qualifies as an exception to the regulation requiring the filing of a TPR petition under 18 NYCRR 431.9 (e) (2) (i).
Additionally there are compelling reasons why a TPR petition should not be filed herein: Adoption is not the appropriate per *748 manency goal for De’Von and De’Von is subject of a pending disposition under Family Court Act article 10. Suspension of judgment, a unique relief available for only rare cases (Matter of MN, 16 Misc 3d 499), is ordered only when a release of the child to his parent is projected to be accomplished within one year (Matter of Makynli N., 17 Misc 3d 1127[A], 2007 NY Slip Op 52162[U] [Fam Ct, Monroe County 2007]; Family Ct Act § 1053 [b]). Adoption clearly is not the appropriate permanency goal where a suspended judgment is pending. A suspended judgment is a pending disposition under Family Court article 10; judgment is suspended pending mother’s compliance with the dispositional plan. Petitioner consented to a suspended judgment thereby contemplating that De’Von would be returned home within one year, yet petitioned to terminate mother’s parental rights just over one month later. This is contrary both to De’Von’s permanency goal and to the suspended judgment disposition. Petitioner must afford mother the opportunity to comply with the dispositional plan; should petitioner believe that mother is not in compliance, it must file a violation petition (Fam Ct Act § 1071).[3] TPR petition (docket No. B-00529-08) is therefore dismissed without prejudice.
Docket No. B-00691-08
Petitioner filed a TPR petition against putative father. Petitioner withdrew its original neglect petition against putative father on November 30, 2007 as the parties agreed that Michael T. is not De’Von’s father. The County nonetheless seeks by TPR petition to prove putative father abandoned De’Von, and thus the petition shall be set for trial.
Now, therefore, it is hereby ordered that TPR petition (docket No. B-00529-08) is dismissed without prejudice.

. Family Court Act § 1053 (c) allows the court to mandate periodic progress reports throughout the suspended judgment period. Where the parties *747 consent to a suspended judgment order — as here — the court may mandate a report no later than 90 days after issuance of the order.

. Ms. H. was foster mother to respondent Shamika S. and is the only mother she knows.

. The court would be remiss if it did not comment on the acrimonious relationship between petitioner’s caseworker and mother. Both petitioner and mother must work together to achieve De’Von’s permanency goal — return to mother’s care. As judgment is suspended for only a short time, this court holds conferences to ensure that the parties sit down and work together to see the child’s return home. The filing of the TPR petition prior to even the first court conference is unacceptable.